# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 86453-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ZHENG WANG, | |
| Appellant. | |

FELDMAN, J. — Zheng Wang appeals his conviction for rape in the second degree. Wang challenges the constitutionality of his conviction based on an allegedly improper judicial comment, and he claims that a community custody condition concerning geographic boundaries is unconstitutionally vague. Because Wang waived his first argument and his second argument lacks merit, we affirm.

K.Z. booked a massage at the Bliss Spa in Issaquah on January 20, 2021. During that massage, she was raped by Wang, who was the massage therapist. She called her husband, who drove her to Overlake Hospital in Bellevue, where a rape kit was collected. Wang's DNA was found on samples from the perineal vulvar and anal fold swabs. Wang was charged with one count of rape in the second degree. A jury convicted Wang as charged, and the trial court imposed a

standard-range, indeterminate sentence of at least 90 months in prison.  This timely appeal followed.

Wang first argues that the trial court impermissibly commented on the evidence.  After the jury returned its guilty verdict, the judge stated:

> [THE COURT]:  (To the jury)  Let me explain what polling the jury means.  As you folks know, it is required, of course, that the verdict be unanimous.  And so I'm going to just go one by one with our jurors and just ask you—it'll be two questions: Is this your verdict?  And that is, you know, did—did you—is this your verdict you agree with?  *And then you'll say hopefully yes*—well, not hopefully.  You'll say the answer that—whatever it is.  And then I'll ask you is there the verdict of the jury to make sure we have on the record everyone's individual vote, how they individually voted, and then how the jury itself voted just to make sure on the record that we have the required unanimous verdict.

(Emphasis added.)  Wang claims the italicized text constitutes an impermissible comment on the evidence because the trial court expressed a hope that the jurors would confirm the accuracy of the verdict.  According to Wang, this comment "worked to convince any juror who felt coerced into agreement during deliberations, or who believed they had made a mistake, to nonetheless answer 'yes' when asked if the written verdict reflected their own."

Wang did not object to the alleged error below.  This court generally will not consider issues raised for the first time on appeal.  RAP 2.5(a); *State v. Williams,* 159 Wn. App. 298, 312, 244 P.3d 1018 (2011).  Notwithstanding that rule, a defendant may raise a claim of error for the first time on appeal if it is a manifest error affecting a constitutional right.  RAP 2.5(a)(3); *State v. Gordon,* 172 Wn.2d 671, 676, 260 P.3d 884 (2011).  For the error to be manifest, there must be "'a plausible showing by the [appellant] that the asserted error had practical and identifiable consequences in the trial of the case.'"  *State v. O'Hara,* 167 Wn.2d 91,

2

99, 217 P.3d 756 (2009) (quoting *State v. Kirkman,* 159 Wn.2d 918, 935, 155 P.3d 125 (2007)).

Here, Wang's argument is premised on article 4, section 16 of the Washington State Constitution, which states that "Judges shall not charge juries with respect to matters of fact, nor comment thereon." Thus, the alleged error affects a constitutional right. But when viewed in context, as required,[1] the alleged error is not manifest. That is so because immediately after making the comment at issue, the trial court retracted the alleged error, stating, "And then you'll say hopefully yes—*well, not hopefully. You'll say the answer that—whatever it is.*" (Emphasis added.) Because the trial court corrected the alleged error, and because the comment was made *after* the jury had reached its verdict, Wang fails to make any compelling argument as to how it could have impacted the fairness of his trial. Therefore, Wang has not demonstrated manifest constitutional error with respect to this alleged error, and we decline to address it.

Wang next argues that the community custody condition imposed by the trial court concerning geographic boundaries was unconstitutionally vague. That condition requires that Wang "[r]emain within geographic boundaries, as set forth in writing by the Department of Correction[s] Officer or as set forth with SODA [Stay Out of Drug Area] order." But while Wang initially raised this issue in his opening brief, his reply brief acknowledges this court's recent opinion in *State v. Lundstrom,* __ Wn. App. 2d __, 572 P.3d 1243 (2025), which holds that an identical community

---

[1] *See State v. Zwald*, 32 Wn. App. 2d 62, 69, 555 P.3d 467 (2024) ("We review whether a jury instruction amounts to a judicial comment on the evidence de novo and in the context of the instructions as a whole.").

No. 86453-0-I

custody condition proscribing geographical boundaries, as mandated by RCW 9.94A.704(3)(b), is not unconstitutionally vague. Wang's argument thus fails.

Affirmed.

Feldman, J.

WE CONCUR:

Díaz, J.

4